Complaint by Nathan Barrett Mundy against John T. Barrett and Clarence T. Barrett, executors and trustees under the will of Sarah Barrett, deceased, to require an account by defendants of their trust, and to remove them for mismanagement. Judgment for defendants dismissing the complaint, and plaintiff appeals.

Argued before DYKMAN and PRATT, JJ.

*John H. Post,* for appellant. *Degroot, Rawson & Stafford,* (*S. F. Rawson,* of counsel,) for respondents.

DYKMAN, J. The defendants in this action are executors and trustees under the will of Sarah Barrett, deceased, and the plaintiff is the chief beneficiary under her will. This action is brought by him to remove the defendants from their office as executors and trustees, and to require them to account as such, and to restore the estate to their successors to be appointed by the court. The complaint charges the defendants with inattention, carelessness, and mismanagement in respect to the estate intrusted to their charge, but the testimony upon the trial entirely failed to establish the facts set forth in the complaint. The case was tried before a judge without a jury, and he has found all the facts in favor of the defendants, and has exonerated them from all charges of improper conduct, and has rendered judgment in their favor, from which the plaintiff has appealed. We find on examination that the findings of the judge are entirely sustained by the testimony, and as there appears to be no occasion to require an accounting of the defendants in this court, which may be done in the regular and ordinary way before the surrogate, we find no error sufficient to reverse this judgment, and it is therefore affirmed, with costs.

### *In re* VALENTINE'S ESTATE.

*(Supreme Court, General Term, Second Department.* December 13, 1888.)

Appeal from surrogate's court, Rockland county.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Cornell, Secor & Page,* for appellants. *Andrew X. Fallon,* special guardian, for respondent.

DYKMAN, J. George W. Bergen and Elias Lewis were trustees for Ludlow W. Valentine under the last will and testament of Brewster Valentine, deceased, and they, as such trustees, made an application to the surrogate of Rockland county for the judicial settlement of their accounts, and a citation was issued directed to the proper persons, and the accounting was had. In

such accounting, several items in the account of the trustees were disallowed by the surrogate under the objection of the special guardian of the beneficiary Ludlow Valentine, who is an infant under 14 years of age. The trustees have appealed to the general term from so much of the decree of the surrogate as disallowed payments made by the trustees aggregating $277.50. We have examined the record presented to us, and the opinion of the surrogate printed in the case, and we find that the reasons assigned by the surrogate for the disallowance of the items which he struck out are entirely satisfactory, and the decree should be affirmed, with costs. All concur.